UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KAREN PETRO, as Administratrix of the
Estate of Mark Jackson

v.  :  C.A. No.

TOWN OF WEST WARWICK, by and through
its Finance Director Malcolm A. Moore;
PATRICK J. KELLY, individually and in his
representative capacity; SEAN LUKOWICZ,
individually and in his representative capacity;
THOMAS NYE, individually and in his
representative capacity; MICHAEL NYE,
individually and in his representative capacity;
MARCUS A. PALAZZO, individually and in
his representative capacity, and JOHN and
JANE DOES, 1 though 10, individually and
in their representative capacities


CA 09 213

JURY TRIAL CLAIMED

## COMPLAINT

### PARTIES

1. Plaintiff Karen Petro brings this action as the duly appointed Administratrix of the Estate of Mark Jackson ("Plaintiff's Decedent").

2. The Town of West Warwick is a municipal corporation organized and existing under the laws of the State of Rhode Island.

3. Malcolm A. Moore is the current Director of Finance of the Town of West Warwick, and is herein sued in his representative capacity pursuant to R.I. Gen. Laws § 45-15-5, and should another individual occupy that position, this suit shall continue against said individual in his representative capacity.

4. Patrick J. Kelly ("Kelly") is a Police Officer for the Town of West Warwick, who responded to the scene on June 27, 2008 involving Plaintiff's Decedent ("the

Incident"), and participated in the actions and omissions of the various police officers involved in the Incident.

5. Sean Lukowicz ("Lukowicz") is a Police Officer employed by the Town of West Warwick, who responded to the scene on June 27, 2008 and participated in the actions and omissions of the various police officers involved in the Incident.

6. Thomas Nye ("Nye") is a Police Officer employed by the Town of West Warwick, who responded to the scene on June 27, 2008 and participated in the actions and omissions of the various police officers involved in the Incident.

7. Michael Nye ("Nye") is a Police Officer employed by the Town of West Warwick, who responded to the scene on June 27, 2008 and participated in the actions and omissions of the various police officers involved in the Incident.

8. Marcus A. Palazzo ("Palazzo") is a Police Officer employed by the Town of West Warwick, who responded to the scene on June 27, 2008 and participated in the actions and omissions of the various police officers involved in the Incident.

9. Defendants John and Jane Does 1 though 10 were, at all relevant times, police officers or non-uniformed employees of the West Warwick Police Department or employees of the Town of West Warwick whose names and identities are unknown to Plaintiff at this time who were responsible for the hiring, screening, training, supervision and conduct of Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo, or were directly involved in the Incident.

10. At the time of the Incident, the Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, Palazzo and John and Jane Does 1 through 10 were acting under color of state law and within the scope of their employment.

## JURISDICTION

11. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the Constitution, laws, or treaties of the United States. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over any claims based upon state law.

## FACTUAL ALLEGATIONS

12. On the evening of June 27, 2008, Plaintiff's Decedent was standing in the parking lot outside Joyal's Liquors, 90 West Warwick Avenue, West Warwick, Rhode Island.

13. At said time, Plaintiff's Decedent was acting peaceably, and was not in violation of any state or federal laws.

14. At said time, Defendants Kelly and Lukowicz approached Plaintiff's Decedent. Defendants Kelly and Lukowicz had no reasonable basis or probable cause to believe that Plaintiff's Decedent had committed a crime, or was a danger to himself or others. Nevertheless, Defendants Kelly and Lukowicz issued a series of verbal commands to Plaintiff's Decedent who was mentally ill and became frightened and began walking from the area. Defendants Kelly and Lukowicz then assaulted Plaintiff's Decedent, sprayed him with pepper spray, repeatedly kicked and struck him with their metal batons.

15. Defendants Thomas Nye, Michael Nye, and Marcus Palazzo arrived to assist and participated in the assault on Plaintiff's Decedent, and together with Defendants Kelly and Lukowicz pinned Plaintiff's Decedent to the ground, where he was forcibly handcuffed.

16. At this time, Plaintiff's Decedent was so frightened and agitated that he became unable to breathe and lost consciousness.

17. Nevertheless, Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo lifted Plaintiff's Decedent from the ground and tossed him in the back of a police cruiser to be transported to police headquarters.

18. When the police cruiser arrived at police headquarters, Plaintiff's Decedent was still not breathing and unconscious, and Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye and/or Palazzo, or other officers at headquarters, for the first time requested rescue personnel to respond. Rescue personnel arrived on scene, took over CPR, and transported Plaintiff's Decedent to Kent County Hospital, where he was pronounced dead.

19. As a direct and proximate result of said acts of the Defendant officers, Plaintiff's Decedent suffered the following injuries and damages:

(a) Violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures of his person;

(b) Loss of his life; and

(c) Physical pain and suffering and emotional trauma and suffering.

## NOTICE OF CLAIM

20. Plaintiff has presented her claim to the West Warwick Town Council and more than forty (40) days have elapsed without payment thereof.

## COUNT I

21. Plaintiff repeats and realleges Paragraphs 1 through 19 with the same force and effect as if set forth in full herein.

22. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against all defendants for violation of Plaintiff's Decedent's constitutional rights under color of law.

## COUNT II

23. Paragraphs 1 though 22 are incorporated herein with the same force and effect as if set forth in full herein.

24. Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo assaulted and battered Plaintiff's Decedent.

25. As a result of this assault and battery, Plaintiff's Decedent was grievously injured and died as aforesaid.

26. Plaintiff is entitled to compensatory damages under R.I.Gen.L. §10-7-1, *et seq.*

## COUNT III

27. Paragraphs 1 though 26 are incorporated herein by reference with the same force and effect as if fully set forth herein.

28. As a result of Defendants' negligence and wrongful conduct, Plaintiff's Decedent experienced severe pain and suffering and died.

29. Plaintiff is entitled to compensatory damages under R.I.Gen.L. §10-7-1, *et seq.*

## COUNT IV

30. Paragraphs 1 though 29 are incorporated herein by reference as if fully set forth herein.

31. Prior to June 27, 2008, the Town of West Warwick developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Town of West Warwick, which caused the violation of Plaintiff's Decedent's rights on June 27, 2008.

32. It was the policy and/or custom of the Town of West Warwick to inadequately supervise and train its police officers, including but not limited to Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo, thereby failing to adequately discourage constitutional violations on the part of its police officers

33. It was the policy and/or custom of the Town of West Warwick to inadequately supervise and train its police officers to properly assist emotionally disturbed persons, and in the specific problems involved in dealing with emotionally disturbed people and taking them into custody.

34. The above-described policies and customs demonstrated deliberate indifference on the part of policy makers in the Town of West Warwick to the constitutional rights of persons within the Town, and were the cause of the violations of Plaintiff's Decedent's rights alleged herein.

## COUNT V

35. Paragraphs 1 though 34 are incorporated herein by reference with the same force and effect as if fully set forth herein.

36. At all relevant times, Defendants John and Jane Does 1-10, or some of them, were responsible to train Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo, other line and supervisory officers of the West Warwick Police Department, and civilian employees assigned to the West Warwick Police Department.

37. Said Defendants John and Jane Does 1-10, or some of them, recklessly and with callous indifference to constitutional rights, failed to adequately train Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo, other line and supervisory officers, and civilian employees assigned to the West Warwick Police Department who were involved in the Incident, in various matters including but not limited to how to deal with mentally ill and mentally handicapped individuals.

38. Plaintiff's Decedent was deprived of his constitutional rights and injured and died as a direct and proximate result of said failure by Defendants John and Jane Does 1-10, or some of them.

### COUNT VI

39. Paragraphs 1 though 38 are incorporated herein by reference with the same force and effect as if fully set forth herein.

40. Defendants John and Jane Doe 1-10, or some of them, negligently failed to adequately train Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo, other line and supervisory officers and civilian employees assigned to the West Warwick Police Department who were involved in the Incident, in various matters including but not limited to how to deal with mentally ill and mentally handicapped individuals.

41. Plaintiff's Decedent was injured and died as a direct and proximate result of said negligence.

## COUNT VII

42. Paragraphs 1 through 41 are incorporated herein by reference with the same force and effect as if fully set forth herein.

43. At all relevant times, Defendants Kelly, Lukowicz, Thomas Nye, Michael Nye, and Palazzo, and Jane and John Does 1-10, were agents and employees of the Town of West Warwick for whom the Town is liable under *respondeat superior*.

WHEREFORE, the Plaintiff requests that this Court:

(a) Award compensatory damages to Plaintiff against all Defendants, jointly and severally;

(b) Award punitive damages to Plaintiff against all individual Defendants, jointly and severally;

(c) Award the costs of this action to the Plaintiff;

(d) Award reasonable attorneys' fees to the Plaintiff;

(e) Award such other and further relief as may be just.

Plaintiff, Karen Petro, in her capacity
as Administratrix of the Estate of
Mark Jackson,
By her Attorneys,

Stephen P. Sheehan, Esq. #4030
John P. Barylick, Esq. #1907
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700

## JURY DEMAND

The Plaintiff hereby demands a jury trial.

_____
Stephen P. Sheehan, Esq. #4030

Dated: May 5, 2009