UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAREN PETRO, as Administratrix of the Estate of Mark Jackson<br>                    *Plaintiff,*<br>    vs.<br><br>TOWN OF WEST WARWICK, ET AL<br>                    *Defendants.* | C.A. No. 09-213S |

## **DEFENDANTS' PRE-TRIAL MOTION FOR RULING ON DUTY**

NOW COME Defendants and hereby move for a pre-trial ruling by the Court on the scope of the duty owed by the individual officers to render medical assistance. Defendants specifically request a pre-trial order finding that the officers did not owe plaintiff an affirmative duty to administer CPR themselves but that the duty to provide medical assistance is met by either summoning an ambulance or by taking the injured detainee to a hospital. In support thereof, defendants rely upon the Memorandum, attached and incorporated herein.

                                                            Defendants,
                                                            By their attorney,


                                                             /s/ *Marc DeSisto*
                                                            Marc DeSisto, Esq.    (#2757)
                                                            DESISTO LAW
                                                            211 Angell Street
                                                            P.O. Box 2563
                                                            Providence, RI 02906-2563
                                                            Phone: (401) 272-4442
                                                            Fax:    (401) 272-9937
                                                            Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

      I hereby certify that the within document has been electronically filed with the Court on May 3, 2011, and is available for viewing and downloading from the ECF system.

Stephen P. Sheehan, Esq.  #4030
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI  02903
(401) 831-2700
(401) 272-9752-fax
sps@wistbar.com

                                                */s/ Marc DeSisto*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAREN PETRO, as Administratrix of the Estate of Mark Jackson<br><br>                      *Plaintiff,*<br>vs.<br><br>TOWN OF WEST WARWICK, ET AL<br><br>                      *Defendants.* | C.A. No. 09-213S |

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PRE-TRIAL MOTION FOR RULING ON DUTY**

      Defendants hereby move for a pre-trial ruling by the Court on the scope of the duty owed by the individual officers to render medical assistance. Defendants specifically request a pre-trial order finding that the officers did not owe plaintiff a duty to administer CPR themselves. Rather, under well-settled precedent, the duty owed to provide medical assistance, as held by numerous courts, is met by either summoning an ambulance or by taking the injured detainee to a hospital. See generally <u>Revere v. Massachusetts General Hospital</u>, 463 U.S. 239 (1982); <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1415 (9th Cir. 1986). Thus, defendants respectfully request a pretrial order of the Court finding that the individual officers did not owe plaintiff a duty to administer CPR themselves.

      In the instant case, plaintiff claim that the individual defendant police officers violated plaintiff's due process rights and were negligent by failing to provide plaintiff with "prompt medical treatment" upon discovering him unconscious and unresponsive. *Plaintiff's Amended Complaint, Count III & V.* It appears that plaintiff will further argue that the duty to provide

1

prompt medical care includes the affirmative duty to render medical aid such as CPR to plaintiff themselves. However, defendants submit that there is no legal basis to support a finding that such an affirmative constitutional or state law duty existed.[1]

Looking first to the constitutional obligations, the determination of whether the defendants owed plaintiff an affirmative duty to administer CPR themselves begins with the Supreme Court's recognition in <u>Revere</u> that "[t]he Due Process Clause . . . require[s] the responsible government . . . agency to provide medical care to persons . . . who have been wounded while being apprehended by the police." 463 U.S. at 244. The Court continued, however, that even though there was a duty to provide such medical care, that duty was fulfilled "by seeing that [the arrestee] was taken promptly to a hospital that provided the treatment necessary for his injury." <u>Id.</u> at 244-45 (citations and footnote omitted). Although the specific issue in <u>Revere</u> was whether an arresting police department was financially responsible for the hospital care provided to a detainee, its pronouncement that the police officers met their constitutional duty by taking the arrestee to the hospital has been relied upon by a number of Circuits for the holding that police officers are not required to render medical aid themselves. Rather, that officers' duty to provide medical aid is met by taking the detainee to the hospital or calling for rescue.

<u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1415 (9th Cir. 1986) specifically held that although the "due process clause requires responsible governments and their agents to secure

---

[1] Although plaintiff was a pre-trial detainee and not a convicted inmate, the U.S. Supreme court has recognized that the Fourteenth Amendment provides at least as much protection for pretrial detainees as the Eighth Amendment provides for convicted inmates. <u>Revere</u>, 463 U.S. at 244. Thus, in order to demonstrate that his constitutional rights were violated, plaintiff must establish that the defendants were deliberately indifferent to his serious medical needs. <u>Ruiz-Rosa v. Rullan</u>, 485 F.3d 150, 155 (1st Cir. P.R. 2007)

medical care for persons who have been injured while in police custody" that duty does not extend to an obligation on the part of police officers to render CPR themselves. *Maddox, 792 F.2d at 1415 citing Revere, 463 U.S. at 244.* In *Maddox*, the police officers saw decedent standing naked in the middle of a street and, believing he had taken drugs, attempted to take him to the hospital. *Id. at 1411.* After a brief struggle, the officers were able to secure decedent on the floor in the rear of the police cruiser. *Id.* Along the way to the hospital, however, decedent became belligerent forcing the officers to stop along the freeway to secure and reposition him. When he was taken out of the cruiser, decedent again struggled with the officers and managed to force one defendant against a guardrail along a steep embankment. *Id.* The officer applied a choke hold in order to free himself. *Id.* Decedent was subdued and placed back into the rear of the cruiser. *Id.* However, on the rest of the way to the hospital, decedent was still and when they arrived at the hospital the officers were unable to detect a pulse. *Id.* Although the officers escorting decedent were trained to use CPR, they did not administer CPR themselves in the cruiser but rather took plaintiff up to the thirteenth floor of the hospital where the jail ward was located. *Id.* CPR was started by the medical staff immediately upon his arrival on the thirteenth floor but they were unable to revive him and he was pronounced dead. *Id.* In rejecting the claim that the officers violated decedent's constitutional rights by failing to administer CPR themselves, the Court specifically relied upon *Revere, 463 U.S. at 244* and held while the due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended, that duty is met "by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Maddox, 792 F.2d at 1415.* The Court specifically rejected the position that the officers themselves owed a duty to administer CPR to decedent. *Id.*

Like *Maddox*, other Circuits have likewise relied upon *Revere* to reject the conclusion that police officers owe detainees a duty to administer medical care personally. Rather, Courts have routinely followed *Maddox* and held that the duty to provide medical care is met when the detainee is either brought to the hospital or rescue personnel are called. In *Tagstrom v. Enockson*, 857 F.2d 502, 504 (8th Cir. 1988), for example, the plaintiff was being pursued by a police officer when the plaintiff struck another vehicle and was thrown from his motorcycle against a nearby tree. The pursuing officer also lost control of his cruiser in an attempt to avoid the fallen plaintiff, struck some parked cars and lost consciousness. The next officer on the scene first went to plaintiff, recognized he was seriously injured and called for an ambulance. The officer then checked on his fellow officer and called out for a second ambulance to respond. Rather than go back to aid the plaintiff, the second officer stayed with his fellow officer. When other officers arrived on the scene they kept onlookers away from the plaintiff until the ambulance arrived. The plaintiff subsequently sued the police officers claiming, inter alia, that they were deliberately indifferent to his medical needs by failing to render medical assistance to him by either providing mouth-to-mouth resuscitation or CPR. The Eight Circuit, however, rejected the conclusion that the officers owed plaintiff such an affirmative duty. The Eighth Circuit stated:

> [The plaintiff] asks us to find that [the defendant police officer] had an affirmative duty to render medical assistance himself, such as giving . . . CPR. However, [the plaintiff] points to no cases that clearly establish that [the officer] had such a duty. . . [The officer] properly performed his duty by immediately calling an ambulance. His decision not to give medical assistance . . . did not violate [the plaintiff's] right to prompt medical assistance. *Id. at 504 (citations omitted).*

The Tenth Circuit also relied upon *Revere* and *Maddox* in addressing a similar case. In *Wilson v. Meeks*, 52 F.3d 1547, 1555 (10th Cir. 1995), a detainee had been shot by police. After removing the plaintiff's gun from underneath him, the officers radioed for emergency help. The

4

officers then handcuffed the plaintiff, who was face down on the ground with labored breathing. No officer gave the plaintiff medical care before the arrival of the EMTs. *Id.* The Court held that even though the officers at the scene were trained in CPR, they owed plaintiff no duty to render medical assistance while they waited for the rescue. *Id. (*"there is no duty to give, as well as summon, medical assistance, even if the police officers are trained in CPR"). Rather, the Court held that calling for rescue personnel met the officers' duty to render medical aid. *Id.*

Defendants thus submit that as a matter of law there is no support for plaintiff's claim that the plaintiff had a due process entitlement to have the officers administer CPR themselves. Rather, well-settled case law demonstrates that the duty owed by the officers was to provide medical care. This duty could be and was met by summoning the rescue personnel who were located next door to the plaintiff and police officers. *Maddox, 792 F.2d at 1415*. *See also i.e. Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1097 (6th Cir. 1992) (no violation of Eighth Amendment right by calling for paramedics rather than cutting down detainee found hanging in cell and administering CPR themselves); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) (holding that police officers who called an ambulance for a handcuffed suspect due to his difficulty breathing did not violate Due Process Clause by failing to administer CPR in the interim); *Teasley v. Forler*, 548 F. Supp. 2d 694, 709 (E.D. Mo. 2008) (After shooting driver of moving car, officer fulfilled duty by call for ambulance because no affirmative duty to provide CPR or other medical care); *Ables v. Shelby County*, 2010 U.S. Dist. LEXIS 77418, 9-12 (W.D. Tenn. July 29, 2010) (upon becoming aware of elderly passenger's need for medical assistance, Deputy fulfilled duty by calling for the paramedics). Consequently, defendants request a pretrial order declaring that the constitutional duty owed by the defendants does not include an affirmative duty to render CPR themselves.

Defendants further submit that there is no support under Rhode Island negligence law for the conclusion that the officers owed plaintiff a state law duty to perform CPR themselves. There are no Rhode Island cases or statutes which specifically impose an affirmative duty on the officers to administer CPR themselves. In fact, review of R.I. General Laws supports the conclusion that such an affirmative duty is not imposed upon the police officers. Notably R.I. Gen. Laws § 9-1-27 (1956) provides that no member of any police force or fire department of the state or any city or town "who while on duty and in the performance of that duty **voluntarily and gratuitously** renders emergency assistance to a person in need thereof . . shall be liable for civil damages for any personal injuries or property damage which result from acts or omissions by the persons rendering the emergency care, which may constitute ordinary negligence." *R.I. Gen. Laws § 9-1-27 (1956).*[2] The significance of this is that the General Assembly specifically noted that any attempt to render medical aid by an on-duty police officer would be an entirely "gratuitous" and "voluntary" act. If the law in Rhode Island imposed an affirmative duty on the officers to perform such medical aid themselves, the General Assembly would have simply afforded them immunity without qualifying the act as a "voluntary" and "gratuitous" act. Beyond the statutory language, the absence of a requirement that all police officers become trained in CPR and carry the necessary CPR equipment likewise weighs against a finding that R.I. law imposes an affirmative duty on police officers to perform CPR themselves on detainees. Although the officers present had CPR training, the existence of such training does not automatically transgress into an affirmative duty to utilize it. Taken to the extreme, such a conclusion would mean that all individuals certified in CPR who come upon an individual in

---

[2] This statute further provides that "[t]his immunity does not apply to acts or omissions constituting gross, willful, or wanton negligence." R.I. G.L. § 9-1-27

6

need would be obligated by law to perform the necessary resuscitation. Clearly, the law does not support such a conclusion.

The facts of the instant case further support such a finding. *Berardis v. Louangxay,* 969 A.2d 1288, 1291 (R.I. 2009) (whether a duty exists turns on the particular facts and circumstances presented in the case before the court). In this case, at the time plaintiff was discovered unresponsive, the officers had already pulled into the rear of the police station which was directly next door to the fire department where rescue personnel were stationed. The officers' first response in that circumstance was to call for the assistance of rescue personnel, those who were not only specifically trained in this area but who as a matter of practice were much more experienced.

Finally, it is noteworthy that plaintiff's claim that an affirmative duty existed in the instant case is essentially based on 20/20 hindsight. Possessing knowledge of the ailment that eventually led to plaintiff's death, plaintiff reaches back and identifies the proper medical aid that they claim could have prevented plaintiff's death if the officer performed it immediately. However, police officers, although trained in CPR, do not enjoy the luxury of 20/20 hindsight or even the experience that rescue personnel possess such to be held to such an affirmative duty to render aid themselves. CF. *Wilson v. Meeks,* 52 F.3d 1547, (10th Cir. 1995)(disagreement over the proper position of the detainee demonstrated need for trained rescue personnel over requirement that police perform the medical aid). Notably, in this case, the evidence will demonstrate that although rescue personnel were called, one of the defendants began chest compressions before the fire fighters arrived - within 3 minutes of plaintiff being taken from the cruiser and found unresponsive. Cf. *Stogner v. Sturdivant*, 2010 U.S. Dist. LEXIS 109803, 13-15 (M.D. La. Oct. 14, 2010) (deputies did not violate plaintiff's constitutional rights despite

waiting roughly two minutes to initiate CPR after noticing he was unconscious); *Estate of Phillips v. Milwaukee*, 123 F.3d 586, 595 (7th Cir. 1997) (Fact that no one noticed that decedent was not getting enough oxygen cannot transform actions into constitutional deprivation). The point is that to hold as a matter of law that police officers have an affirmative duty to perform CPR themselves places both the officers and the detainees in a precarious position of requiring the officers to diagnose and treat the detainee or risk being held to have breached their duty. As recognized by the General Assembly, allowing the officer to voluntarily decide if they are capable of personally performing such medical aid is a better approach.

Defendants submit that there is no basis to impose any greater duty under Rhode Island law than required under the Due Process clause. Specifically, that the officers may have a duty to render aid but that duty does not incorporate a requirement that they perform CPR on the individual themselves. Rather, the duty to render aid is met by either calling for rescue personnel or transporting the individual to the hospital. *Cf. Brandon v. City of Providence*, 708 A.2d 893 (R.I. 1998) (Actions of a police officer at the scene of a shooting in securing the scene and preventing the victim from being moved until medical assistance arrived was entirely reasonable and protected under *§ 9-1-27*).

Defendants thus respectfully request a pre-trial ruling of this Court finding that police officers owe no affirmative duty to perform CPR on a detainee themselves.

Defendants,
By their attorney,

    /s/ *Marc DeSisto*
Marc DeSisto, Esq.   (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax:   (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on May 3, 2011, and is available for viewing and downloading from the ECF system.

Stephen P. Sheehan, Esq. #4030
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752-fax
sps@wistbar.com

    */s/ Marc DeSisto*